IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| THE GEORGIA DEPARTMENT OF HUMAN RESOURCES, *ex rel.*, D.J.,[1] | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 112-183 |
| RICHARD TERENCE JENKINS, *also known as* Richard- El Bey, | ) ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, the Georgia Department of Human Resources, filed a civil suit against Defendant concerning child support payments that was heard in the Superior Court of Richmond County in June of 2005. (See doc. no. 1, p. 2; see also doc. no. 1-1, pp. 1-7.) The court entered default judgment against Defendant based on his failure to appear for the hearing,

---

[1] The complaint in this case contains the full name of D.J., a minor. However, Fed. R. Civ P. 5.2(a)(3) establishes that, unless the Court orders otherwise, an electronic filing may contain only the initials of a minor. Moreover, under the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means that govern the filings in this District, a minor's name, as well as other personal data identifiers and sensitive information, are to be omitted or redacted "from all pleadings or documents, whether filed electronically or conventionally." Section II(I)(1)&(2). Thus, D.J.'s full name should not appear on the docket and should be protected from full disclosure in all future filings. Under Section II(G)(3) of the Administrative Procedures, the Clerk's Office may limit access to documents that were incorrectly filed that may contain sensitive information. Accordingly, the **CLERK** is **DIRECTED** to modify the caption on the docket to list only D.J.'s initials. Likewise, the **CLERK** is **DIRECTED** to limit access to the complaint (doc. nos. 1, 1-1) in accordance with the appropriate level of restriction allowed under the Administrative Procedures.

and accordingly ordered that Defendant make certain monthly payments for child support starting in August of 2005. (Doc. no. 1-1, pp. 1-7.) At that point, the case was closed. (Id.) Now, Defendant, who is proceeding *pro se*, has filed the instant "Notice of Removal," in which he apparently purports to remove that closed case to federal court pursuant to federal question jurisdiction, Article III of the United States Constitution, and common law. (See doc. no. 1, p. 2.) Defendant asserts in his Notice that Plaintiff has sent him several letters threatening to incarcerate him based on his failure to pay the court-ordered child support, and that 28 U.S.C. § 1443 provides an additional basis for removal. (Id. at 1.) After a review of Defendant's notice of removal, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this action be **DISMISSED**.[2]

Although there are a number of significant obstacles to Defendant's attempted lawsuit, the threshold issue raised by Defendant's Notice is whether the Court has jurisdiction to hear his claims, which concern his objections to Plaintiff's efforts to collect child support payments as ordered by the Superior Court of Richmond County in 2005.[3] (See doc. no. 1, pp. 1-2; see

---

[2]The Court is aware that Defendant has submitted a motion to proceed *in forma pauperis* ("IFP") in this case. (Doc. no. 2.) As the Court has determined that it lacks jurisdiction over Defendant's case, see infra, his motion to proceed IFP should be **DEEMED MOOT**.

[3]The Court is obligated to determine whether it has jurisdiction over this matter. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* .... The party invoking the jurisdiction of the court

2

also doc. no. 1-2, p. 1.) Contrary to Defendant's assertions regarding the Court's authority to hear his claims (doc. no. 1, pp. 1-2), the Court finds that it does not have jurisdiction over this matter.

The Eleventh Circuit has routinely held that claims involving child support payments fall within the "domestic relations exception," and that, thus, federal courts generally do not have jurisdiction over such claims. See Moussignac v. Georgia Dep't of Human Res., 139 F. App'x 161, 161-162 (11th Cir. 2005) (*per curiam*) (affirming the district court's dismissal of plaintiff's attempted removal of his child support claim because "the federal judiciary has traditionally abstained from deciding cases concerning domestic relations"); see also Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) (*per curiam*). Here, despite Defendant's attempt to couch his claim as one involving alleged threats of incarceration, it is clear that he simply disputes his obligation to pay child support.[4] Additionally, Defendant does not explain, outside of his conclusory recitation of the authorities themselves, how Article III of the Constitution

---

> has the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

[4]The Court additionally notes that the letter from Plaintiff that Defendant has attached to his Notice does *not* threaten incarceration, but instead appears to simply serve as a reminder to Defendant that his child support payments are past due and that various consequences might result from his failure to pay, including legal action. (See doc. no. 1-2, p. 1.)

or the common law provide federal jurisdiction over his claim, nor in what way he perceives this matter to be one that implicates a federal question. (Doc. no. 1, p. 2.) Finally, while 28 U.S.C. § 1443 provides for the removal of civil actions or criminal prosecutions under certain limited circumstances, Defendant has not demonstrated that any of those circumstances are present here. In short, contrary to Defendant's assertions, the Court does not have jurisdiction over this matter.

That being the case, Defendant's attempted removal fails on that ground alone, notwithstanding the established fact that no underlying case exists for Defendant to remove. In other words, even if the Court *did* have jurisdiction over Defendant's claim, Defendant's attempted "removal" of his case to federal court is misguided, in that the case that he is attempting to remove was closed in 2005 when the Superior Court of Richmond County entered default judgment against him and ordered that he make regular payments for child support. (See doc. no. 1-2, pp. 1-7.) Logically, a closed case simply cannot be removed to federal court.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, that Defendant's motion to proceed IFP be **DEEMED MOOT**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of January, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE